FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 02, 2024

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ADAM J.,[1] | No. 2:22-cv-00241-RHW |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | **ECF Nos. 11, 13, 16** |

Before the Court is the Report and Recommendation issued by Magistrate Judge Alexander Ekstrom, ECF No. 16, recommending Plaintiff's Motion for Summary Judgment, ECF No. 11, be denied and Defendant's Motion for Summary Judgment, ECF No. 13, be granted. Plaintiff filed objections to the Report and Recommendation and Defendant responded. ECF Nos. 17, 18. After reviewing the Report and Recommendation, the Court finds the Magistrate Judge's findings are correct. Therefore, the Court adopts the Report and Recommendation in its entirety with the following additional explanations.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file "specific written objections to the proposed findings or recommendations." Fed. R. Civ. P. 72(b)(2). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

The Court has conducted a de novo review of the entire record and the Report and Recommendation. The Court agrees with the Report and Recommendation's findings and conclusions. Plaintiff's objections restate previously presented arguments addressed in the Report and Recommendation. *Compare* ECF No. 11 *with* ECF No. 17. Accordingly, the Court need not address each objection at length again. *See, e.g., El Papel LLC v. Inslee*, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all objections are merely a rehash of arguments already raised and decided upon by the Magistrate Judge, the Court will not address each objection here."); *Aslanyan v. Herzog*, 2014 WL 7272437, at *1 (W.D. Wash. Dec. 17, 2014) (rejecting a challenge to a magistrate judge's report and recommendations when "all of [plaintiff's] objections simply rehash arguments contained in his amended opening

ORDER - 2

memorandum or in his reply memorandum").

The Report and Recommendation properly concludes substantial evidence supports the ALJ's rejection of Plaintiff's counselor Jacqueline Lucas' opinion. Plaintiff's objection disregards the handwritten narrative Ms. Lucas included on the form opinion which states:

> Assessing mental health capacities is not a specialization of [Ms.] Lucas. [Ms.] Lucas' training [and] background in positive [psychology] could impact assessment for the better. Per [Plaintiff's] reports it sounds like he is able to maintain a job for a minimal amount of time before PTSD symptoms cause him to lose his job or quit.

Tr. 645. Based on the foregoing, the ALJ's conclusion that Ms. Lucas' opinion was less persuasive based on an over-reliance on Plaintiff's self-report and lack of other narrative reference to the medical record is supported by substantial evidence. Furthermore, the ALJ's conclusion that Plaintiff was able to function to a greater degree than identified by Ms. Lucas was reasonable and supported by the opinion. Although the ALJ did not cite all of the records in the paragraph discussing Ms. Lucas' opinion, he was not required to repeat it where it was stated elsewhere in the decision. Plaintiff's alternative interpretation of the evidence does not deprive the ALJ's finding of substantial evidence. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999) ("[W]hen evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld.").

In addition, Plaintiff has failed to demonstrate the ALJ harmfully erred in the

ORDER - 3

analysis of state agency psychiatrist Eugene Kester's opinion (Tr. 170-72).  Dr. Kester opined that Plaintiff was *not disabled* and capable of persisting through a regular workweek with adequate breaks, despite finding that Plaintiff would also have "difficulty in maintaining attention and concentration as well as difficulty maintaining regular attendance when [mental health symptoms] are exacerbated."  Tr. 171.  The Report and Recommendation concludes that any error in not fully crediting any portion of Dr. Kester's opinion was harmless because even if credited, the opinion supports the ALJ's determination that Plaintiff is not disabled.  ECF No. 16 at 11.  Plaintiff claims that because the ALJ did not make findings as to the number of days Plaintiff would be absent when his symptoms were exacerbated, the Court cannot find harmless error.  ECF No. 17 at 7.  However, the ALJ's opinion provides adequate explanation as to why absenteeism limitations were not included in the residual functional capacity.  The ALJ found that Plaintiff experienced "some transient episodes where he would experience increased symptoms," but that Plaintiff was otherwise stable and improving with "generally conservative forms of care" in the form of medication management, therapy and monitoring of his conditions.  Tr. 29.  The ALJ further reasonably concluded that episodes were often treated with additional changes to medication without requiring "more intensive care" and Plaintiff's functioning during episodes was not representative of Plaintiff's maximum level of functioning throughout the relevant

ORDER - 4

period. *Id*. Accordingly, the requested remand for further findings as to absenteeism is not warranted, and as Dr. Kester concluded Plaintiff was not disabled notwithstanding his limitations, Plaintiff cannot demonstrate harmful error in the ALJ's analysis of Dr. Kester's opinion.

For the reasons stated in the Report and Recommendation, the ALJ also gave specific, clear and convincing reasons supported by substantial evidence for giving less weight to Plaintiff's symptom claims based on the inconsistent objective medical evidence, improvement with treatment, and activity levels. Plaintiff asserts his subjective claims are "well-supported," but Plaintiff relies almost exclusively on the medical evidence documenting symptoms he experienced in June 2021, which the ALJ also acknowledged in the analysis. ECF No. 17 at 9. Based on the Court's review of the records cited by the ALJ, the Court finds that the ALJ appropriately relied on the longitudinal record, and not on a few isolated records.

Plaintiff claims the Report and Recommendation "simply rubberstamps" the ALJ's step three findings "without sufficient analysis." ECF No. 17 at 8. This objection is frivolous as the Report and Recommendation devotes over three pages thoroughly analyzing the ALJ's step three decision and Plaintiff's failure to meet his burden. In summary, Plaintiff's claim he meets a Listing relies upon the opinion of Ms. Lucas, which the ALJ reasonably discounted, and Plaintiff failed to

ORDER - 5

otherwise satisfy his step three burden of establishing that he has an impairment that meets or equals the requirements of the Listings.

Finally, Plaintiff's objection restates the same arguments as to steps four and five which the Report and Recommendation appropriately rejects. The ALJ's error at step four was harmless because the ALJ made alternative findings at step five, and Plaintiff's step five argument hinge upon other rejected assignments of error. Accordingly, **IT IS ORDERED**:

1. Plaintiff's objections to the Report and Recommendation, **ECF No. 17**, are **OVERRULED**.

2. The Report and Recommendation, **ECF No. 16**, is **ADOPTED** in its entirety.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **DENIED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

The District Court Executive is directed to enter this order, **ENTER JUDGMENT** in favor of Defendant, forward copies to counsel and Magistrate Judge Ekstrom, and **CLOSE THE FILE**.

DATED October 2, 2024.

<u>s/Robert H. Whaley</u><br>
ROBERT H. WHALEY<br>
Senior United States District Judge

ORDER - 6